# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0100-17T3

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JERRY A. JONES,

    Defendant-Appellant.

_____

> Submitted October 16, 2018 – Decided October 26, 2018
>
> Before Judges Rothstadt and Natali.
>
> On appeal from Superior Court of New Jersey, Law Division, Union County, Indictment No. 12-12-0865.
>
> Joseph E. Krakora, Public Defender, attorney for appellant (Amira R. Scurato, Designated Counsel; William P. Welaj, on the brief).
>
> Michael A. Monahan, Acting Union County Prosecutor, attorney for respondent (Milton S. Leibowitz, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Jerry A. Jones appeals from a July 31, 2017 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing.  We affirm.

On March 1, 2013, by negotiated agreement, defendant pleaded guilty to one first-degree and two second-degree sexual assault offenses, and one fourth-degree count of criminal sexual contact.  The State agreed to dismiss the remaining twenty-one counts of the indictment and recommended an aggregate thirteen-year term in prison subject to the No Early Release Act, N.J.S.A. 2C:43-7.2.  Defendant appealed and an excessive sentencing panel affirmed defendant's sentence.  State v. Jones, No. A-0644-13 (App. Div. Jan. 14, 2014).

On June 9, 2016, defendant filed a pro se PCR petition and an amended petition on February 15, 2017, which he supplemented by appointed PCR counsel's February 6, 2017 brief and May 1, 2017 letter.  Before the PCR court, defendant maintained he received ineffective assistance of trial counsel and was "innocent of [the] charges . . . [but] was coerced by trial counsel to plead guilty."  PCR counsel added that defendant was denied effective assistance because "[trial] counsel failed to competently prepare defendant's case" and "conduct a full and complete pre-trial investigation", including interviewing witnesses, which would have demonstrated that a guilty plea was unwarranted.

A-0100-17T3

Further, in his May 1, 2017 letter to the PCR court, PCR counsel asserted that defendant's petition should be granted because "he established a colorable claim of innocence and he has strong grounds to withdraw his plea" under the test set forth in State v. Slater, 198 N.J. 145 (2009). At oral argument, however, PCR counsel explicitly advised the court that he was not making a motion to retract defendant's guilty plea but merely cited Slater "in conjunction with the argument that the guilty plea [was not] voluntary."

The PCR court denied defendant's petition for reasons detailed in a comprehensive oral decision. The court noted that defendant failed to present any evidence, by way of certification or otherwise, to support his claim that trial counsel failed to investigate his case. As to defendant's claim that trial counsel failed to interview central witnesses, the court noted that defendant failed to identify specifically any such witnesses. Further, the court explained that defendant's claim that he was coerced into pleading guilty was nothing more than a bald, unsupported allegation and was belied by the plea colloquy where defendant admitted his guilt, gave a detailed factual basis for the crimes, stated his plea was given voluntarily without coercion, and was satisfied with his counsel's representation. The court also denied defendant's request for an evidentiary hearing.

A-0100-17T3

Defendant appeals, arguing:

POINT I

THE POST-CONVICTION RELIEF COURT ERRED IN DENYING THE DEFENDANT'S PETITION FOR POST CONVICTION RELIEF WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING TO FULLY ADDRESS HIS CONTENTION THAT HE FAILED TO RECEIVE ADEQUATE LEGAL REPRESENTATION FROM TRIAL COUNSEL.

We find insufficient merit in defendant's arguments to warrant extended discussion in a written opinion, Rule 2:11-3(e)(2), and add only the following brief comments.

As for defendant's claim that trial counsel was ineffective because he was unprepared for trial and coerced him to enter the plea, the PCR court correctly applied the Strickland/Fritz[1] test and concluded that defendant only made unsupported assertions expressing his subjective belief about the state of counsel's preparation. Defendant failed to supply a certification that specifically identified anything in the record that established a prima facie case of ineffectiveness or otherwise suggested the need for an evidentiary hearing. See State v. Marshall, 148 N.J. 89, 158 (1997).

---

[1] Strickland v. Washington, 466 U.S. 668, 687 (1984); State v. Fritz, 105 N.J. 42, 58 (1987).

Further, defendant's claim that counsel coerced his guilty plea is belied by the colloquy between the trial court and defendant during the plea hearing. The trial judge patiently and carefully reviewed the matter with defendant who acknowledged that he understood he was waiving his right to trial. Defendant also affirmed that no one forced him to enter into the plea agreement or to plead guilty.

Finally, defendant's reliance on Slater is misplaced. A motion to withdraw a guilty plea must be made before sentencing, "but the court may permit it to be made thereafter to correct a manifest injustice." R. 3:21-1. Here, defendant never filed a motion to withdraw his guilty plea and when the PCR court inquired of PCR counsel if his May 1, 2017 letter was a request by defendant to withdraw his plea, PCR counsel explicitly stated it was not. Thus, we reject any attempt by defendant to raise the issue for the first time on appeal. Zaman v. Felton, 219 N.J. 199, 226-27 (2014).

However, even were we to address the issue substantively, our review of the record confirms there is no basis under Slater to vacate defendant's plea. Nowhere in the record does defendant establish a colorable claim of innocence and as we have detailed, any claim that defendant was coerced into entering his plea is baseless. Finally, the plea was on extremely favorable terms for

A-0100-17T3

defendant. Thus, neither <u>Slater</u> nor <u>Strickland/Fritz</u> provide any support for defendant to withdraw his negotiated plea.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-0100-17T3